IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ANDY J. LYTLE,

    Plaintiff,

v.                                        No. 14-1161

POSTMASTER GENERAL
PATRICK R. DONAHOE,

    Defendant.

_____

ORDER DISMISSING CASE
_____

      Plaintiff, Andy J. Lytle, filed this action against Defendant, Patrick R. Donahoe, on July 11, 2014. (Docket Entry ("D.E.") 1.) Lytle has not caused process to be served on Defendant. On January 5, 2015, the Court issued an order directing Plaintiff to show cause within eleven days why this matter should not be dismissed for failure to prosecute. (D.E. 6.) Lytle has filed no response to the show cause order.

      Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of actions "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Fed. R. Civ. P. 41(b). The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Salt Lick Bancorp v. F.D.I.C.*, 187 F. App'x 428, 446 (6th Cir. 2006) (alteration in original) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)) (internal quotation marks omitted). The Supreme Court has recognized that

[n]either the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). District courts are permitted "substantial discretion" in determining whether dismissal is appropriate. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted:

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Salt Lick*, 187 F. App'x at 446 (quoting *Knoll*, 176 F.3d at 363). "Clear notice" to the party that a failure to cooperate may result in dismissal is important to support the sanction. *Peltz v. Moretti*, 292 F. App'x 475, 480 (6th Cir. 2008).

In this case, Plaintiff has violated the directives of this Court by failing to respond to the order to show cause. Moreover, Lytle has made no effort whatsoever to move this case forward. Permitting Plaintiff to maintain the lawsuit indefinitely without complying with Rule 4(m)'s process requirement would work a hardship on Defendant. In addition, Lytle has been specifically instructed to show cause why his claims should not be dismissed for failure to prosecute, and he has chosen not to respond. Finally, under these circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to move this case forward.

Rule 4(m) also requires dismissal of the action:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Court notified Plaintiff of his failure to comply with Rule 4(m)'s requirements and that the case would be dismissed if he did not show good cause for this failure. (D.E. 6.) Lytle did not show the "good cause" required by the rule; he offered no explanation or response at all. Rule 4(m) therefore commands that this action be dismissed. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (Noting that, under Rule 4(m), "[d]ismissal of the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the 120–day deadline").

Based on the foregoing, this matter is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 22nd day of January 2015.

    s/ J. DANIEL BREEN
    CHIEF UNITED STATES DISTRICT JUDGE